PER CURIAM:
The claimants brought this action (CC-97-164) for damage to their 1989 Plymouth Acclaim, which occurred after encountering a rock on road maintained by the respondent in Marshall County. As the instant claim is identical to (CC-97-375), the Court, on its own motion, has consolidated both claims for decision.
The incident giving rise to this action occurred on February 6, 1997, at approximately 11:30 a.m. Claimant Leonard Peck was driving the vehicle northbound on WV Route 2 near Glen Dale in an area known as “The Narrows”. Tracey Peck was a passenger. It had recently snowed. Route 2 in this area is a four-lane road with a high wall composed mostly of loose shale on the east side of the northbound lanes. It is a well-known and notorious rock fall area and is posted with rock fall warning signs. The evidence adduced at hearing was that Mr. Peck was traveling approximately 45 miles per hour, closely behind a snow plow, when his vehicle struck a rock that had fallen on the road. The vehicle sustained damage to the oil pan and transmission. Mr. Peck *79 testified that he obtained a repair estimate in the amount of $1,500.00, which was submitted in the companion claim (CC-97-375). The claimants’ insurance deductible was $500.00.
The rock was described as slightly larger than a bowling ball and was in the center of the road. Mr. Peck testified that the blade of the plow struck the rock and spun it around before his vehicle struck it. Claimants were both familiar with this area and were aware that there is a propensity for rocks to fall onto the highway from the high wall. The evidence indicates that the claimants were anywhere from 15 feet to 15 yards, to three or four car lengths behind the snow plow when the accident occurred.
The respondent’s evidence was that the stretch of Route 2 known as “The Narrows” is posted with “Falling Rock” warning signs for both southbound and northbound traffic. Respondent’s evidence also established that the road had been patrolled the day before claimants’ accident and there were no reported rock hazards.
It is the general rule of this Court that the unexplained falling of a rock onto a highway, without a positive showing of negligence on the part of the respondent, is insufficient to justify an award for resulting damage. Coburn vs. Dept. of Highways, 16 Ct. Cl. 68 (1986). However, the respondent is well aware of the rock fall hazards along the Narrows, and, instead of remedying same, has elected to patrol the road and remove rock fall debris after the fact, instead of devising a permanent solution to this serious and ongoing road hazard. Accordingly, the Court has held that the respondent has a moral obligation to compensate claimants when a rock fall results in personal injury or property damage in the Glen Dale Narrows. Dimmick vs. Division of Highways, (CC-96-561), unpublished opinion, Dunn vs. Division of Highways, (CC-92-26, unpublished opinion issued December 11, 1992.)
The Court’s rulings with regard to the Glen Dale Narrows, however, does not absolve motorists of their duty to exercise reasonable care, especially in light of the posted warning signs. The evidence indicates that the claimants were traveling at an unreasonably close distance to the snowplow, and had they allowed themselves a sufficient amount of distance from the snowplow, claimant Leonard Peck may very well have been able to avoid the rock in question. Therefore, the Court finds that the claimants’ negligence.is equal to or greater than any negligence on the part of the respondent. In accordance with the established principles of comparative negligence, the Court does hereby deny the claim.
Claim disallowed.